**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

JOSE RENE FUNEZ RODRIGUEZ,

      Petitioner

    v.                                            3:26cv1490

                            ELECTRONICALLY FILED

WARDEN, MOSHANNON VALLEY
PROCESSING CENTER, et al.,

      Respondents

**MEMORANDUM ORDER GRANTING IN PART AND DENYING IN PART
PETITIONER JOSE RENE FUNEZ RODRIGUEZ'S PETITION FOR WRIT
OF HABEAS CORPUS (Doc. 1)**

Pending is Petitioner Jose Rene Funez Rodriguez's *pro se* Petition for Writ of Habeas

Corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).

**I.**      **Background**  7th

Petitioner asserts in his habeas petition that he: (1) is a native and citizen of Honduras;

(2) illegally entered the United States on or about September 4, 2022;  (3) was detained by ICE

on July 16, 2026; (4) has pending removal proceedings (*i.e.,* there is not a final order of removal

in effect as to Petitioner); and (5) currently is detained at Moshannon Valley Processing Center.

(*Id.*).

Petitioner further contends that he is being improperly detained by Respondents pursuant

to 8 U.S.C. § 1225(b)(2) ("Section 1225(b)(2)"), which requires mandatory detention, whereas

his detention should be governed pursuant to 8 U.S.C. § 1226(a) ("Section 1226(a)"), where

detention is discretionary, and therefore, Respondents are violating his procedural due process

rights under the Fifth Amendment to the United States Constitution and his rights under the Immigration and Naturalization Act.   (*Id*. at 13-14).

By way of Petitioner's habeas petition, Petitioner "asks this Court to issue a Writ of Habeas Corpus requiring Respondents to release him, or, in the alternative, to provide Petitioner with a bond hearing before an Immigration Judge within seven (7) days."  (*Id*. at 2).  Petitioner further requests that if a bond hearing is ordered: (1) the Government be required to prove, by clear and convincing evidence, that Petitioner is a flight risk or a danger to the community; and (2) the Immigration Judge ("IJ") be required to consider Petitioner's ability to pay and alternatives to detention.  (*Id*. at 15).

On August 6, 2026, Respondents filed their response in opposition to Petitioner's habeas petition, arguing that Petitioner, whom they contend entered the United States in 2021, was briefly detained and released, and then re-detained in Carroll Township, Pennsylvania on July 24, 2026, is properly being detained pursuant to 8 U.S.C. § 1225(b)(2).  (Doc. 4 at 2).  In support thereof, they cite to *Matter of Q. Li*, 29 I&N Dec. 66 (BIA 2025).  (*Id.*).

This matter has been fully briefed and is ripe for adjudication.

## II.    Discussion and Conclusions

The issues before the Court are: (1) whether Petitioner is subject to discretionary detention pursuant to Section 1226(a), as contended by Petitioner, or mandatory detention under Section 1225(b)(2), as contended by Respondents; and (2) if Petitioner's detention is governed by Section 1226(a), what is the relief to which Petitioner is entitled as of today's date, August 10, 2026.

Under the facts of this case, where it is not disputed that Petitioner was arrested in Pennsylvania years after he illegally entered the United States, for the reasons set forth by this

2

Court in *Rivera Juarez v. Oddo et al.*, 3:26-cv-718 (W.D. Pa) (Schwab, J.) (Doc. 10), the Court

finds that Petitioner's detention is governed by Section 1226(a) and not Section 1225(b)(2).  *See*

*also Barbosa da Cunha v. Freden*, 175 F.4th 61, 78 (2d Cir. 2026); *Lopez-Campos v. Raycraft*,

175 F.4th 713, 731-32 (6th Cir. 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026

WL 2198315,   at *2 (7th Cir. July 30, 2026); *Rodriguez Vazquez v. Bostock*, No. 25-6842, ---

F.4th ----, 2026 WL 2196424, at *3 (9th Cir. July 30, 2026); *Santillan Quiroz v. Mullin*, 180

F.4th 1226, 1239 (10th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175

F.4th 1258, 1280-81 (11th Cir. 2026); *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th

828, 856 (7th Cir. 2026) (Lee, J.) (portion of lead opinion not joined by concurring judge).

Accordingly, the Court GRANTS Petitioner's habeas petition and ISSUES the writ on

these terms: (1) Respondents shall cause Petitioner to be taken to a neutral immigration judge of

the Executive Office of Immigration Review for an individualized bond hearing to occur within

30 days of this order, or else release Petitioner by such date; (2) Respondents shall ensure that

such a hearing includes the required due process, *i.e.,* at a minimum, factfinding based on a

record produced before the decisionmaker and disclosed to Petitioner; an opportunity to make

arguments on the Petitioner's behalf; and the right to an individualized determination of

Petitioner's interests. *See Ghanem v. Warden Essex Cnty. Corr. Facility,* No. 21-1908, 2022 WL

574624, at *2 (3d Cir. Feb. 25, 2022); and (3) Petitioner shall be responsible for securing the

necessary transcripts and record of the bond hearing.  The Court trusts the immigration judge to

comply with this order and ensure that Petitioner is provided due process, and therefore, the

immigration judge shall explain his or her individualized determination on the record.  *See*

*Kamara v. Atty Gen. of U.S.*, 420 F.3d 202, 212 (3d Cir. 2005).

Otherwise, Petitioner's habeas petition is DENIED, including to the extent that Petitioner seeks an order: (1) immediately releasing Petitioner from ICE custody under reasonable conditions of supervision; and (2) requiring at the ordered bond hearing that the Government bear the burden of proving by clear and convincing evidence that continued detention of Petitioner is necessary due to flight risk or danger to the community and that the IJ consider Petitioner's ability to pay and alternatives to detention.

More specifically, where, as here, Petitioner has been detained for less than one (1) month, albeit under the wrong statute, due process under the Fifth Amendment to the United States Constitution is satisfied by providing Petitioner with an individualized bond hearing before an immigration judge which comports with due process, as the Court has ordered, and does not require immediate release under conditions of supervision. *See Pico Bano v. Mullen et al.,* Civ. No. 4:26-1449, 2026 WL 1726260, at *5 (M.D. Pa. June 15, 2026) (concluding: "[T]the Court notes that Pico Bano asks only for immediate release from custody as a remedy in this matter—not a bond hearing.  However, it is this Court's ordinary practice to order the Government to provide a petitioner with a bond hearing, as 8 U.S.C. § 1226(a) does not entitle an individual to release, but only to such a hearing. Moreover, the Court is of the view that an immigration judge 'is better suited to consider whether Petitioner poses a flight risk and a danger to the community' when evaluating the factors relevant to a bond determination, and immigration judges 'would have greater access to information that could resolve any factual disputes.'  Consequently, the Court will not order Pico Bano's immediate release, but will instead direct Respondents to provide him with a bond hearing.") (footnotes omitted); *F.B. v. Oddo,* Civ. No. 3:26-717, 2026 WL 1265352, at *4 (W.D. Pa. May 8, 2026) (Fischer, J.) (holding: "the Court will not order Petitioner's immediate release," and noting "that just as detention without a

4

bond hearing may create a risk of erroneous deprivation of the detainee's liberty interest, immediate release without a bond hearing may create a risk of erroneous deprivation of the Government's security interests.").

Nor, under the facts of this case, does either Section 1226(a) or due process mandate a bond hearing in which the burden of proof shifts to the Government to establish, by clear and convincing evidence, that Petitioner is a flight risk and a danger to the community. *See Abai Makeshov. v. Oddo et al.,* Civ. No. 3:26-808, 2026 WL 1579023, at *2 (W.D. Pa. June 3, 2026) (Conti, J.) (explaining: "[Petitioner] argues there was a constitutional defect in the prior bond proceeding because the burden to prove he was not a flight risk was placed upon him, rather than the government having to prove he was a flight risk (ECF No. 1 at 9). That argument, however, is foreclosed by binding precedent.") (citing *Borbot v. Warden Hudson Cnty. Correctional Facility*, 906 F.3d 274, 279 (3d Cir. 2018)); *Modebadze v. Soto*, Civ. No. 26-1687, 2026 WL 1067835, at *1 (D.N.J. Apr. 17, 2026) (Shipp. J.) (reasoning: "As this Court explained in *Aguilar Ramos v. Soto*, No. 25-15315, 2025 WL 3251447, at *1 (D.N.J. Nov. 21, 2025), however, aliens such as Petitioner, although not subject to detention under § 1225(b)(2), are subject to the Government's discretionary detention authority under § 1226(a). Pursuant to that authority, the Government may detain aliens, but aliens must be accorded a bond hearing at which petitioners, and not the Government, bear the burden of demonstrating that they are neither a flight risk nor a danger to the community. *Id.*; *see also Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278-79 (3d Cir. 2018). Once a detained alien receives such a hearing and is denied bond, '[n]o court may set aside' the immigration judge's decision as to 'the denial of bond.' 8 U.S.C. § 1226(e). Because the burden of proof under section 1226(a) remains on aliens at all times, *Borbot*, 906 F.3d at 278-79, the immigration judge did not misapply the standard of proof by

5

requiring Petitioner to show that he was not a flight risk at his bond hearing."); *A.D. v. Oddo,* Civ. No. 25-460, 2026 WL 1251470, at *1, n. 3 (W.D. Pa. Feb. 12, 2026) (Haines, J.) (noting: "To be sure, the default in a bond hearing pursuant to 8 U.S.C. § 1226(a) places this burden upon the alien. Nothing in the Order conditionally granting habeas relief shifted the burden to DHS. ECF No. 31. To the contrary that Order, and its accompanying Memorandum Opinion, made clear that the hearing must "include all factors normally available to an immigration court in the context of an immigration bond hearing[,]" and that any additional habeas relief sought by Petitioner was denied. *Id.* at 1. Thus, while the Writ will issue for the reasons set forth herein, Petitioner's argument that the burden should have shifted to DHS explicitly is not among those reasons.") (citing *Borbot,* 906 F.3d at 279).

Finally, the Court will not, at present, order the IJ to consider detention alternatives and Petitioner's ability to pay at the ordered bond hearing.   Rather, the Court will "allow the IJ to determine in the first instance whether the additional procedural safeguards requested by Petitioner are necessary or appropriate. In the event that Petitioner believes the IJ has not afforded him constitutionally adequate procedures, he may apply to this Court for further relief." *Brito Rivero v. Oddo*, Civ. No. 3:26-776, 2026 WL 1382246, at *2 (W.D. Pa. May 18, 2026) (Fischer, J.).

SO ORDERED this 10th day of August, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:  All Registered ECF Counsel of Record

JOSE RENE FUNEZ RODRIGUEZ, A220-558-470
MOSHANNON VALLEY PROCESSING CENTER
LEGAL MAIL - Open in Presence of Detainee
555 GEO DRIVE
PHILIPSBURG, PA 16866